IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

NICKESHIA M. LAWRENCE, )
in her own right and as parent and next friend )
of RICHARD ALEXANDER, an infant, )
 )
        Plaintiffs, )
 )
v. )
 )
ANNE S. BLACKETT, M.D., )
1985 N. 1600 E )
Logan, Utah 84341 )
 )   Case No.: _____
AND )
 )
CARILION MEDICAL CENTER d/b/a )
Carilion Roanoke Community Hospital, )
**Serve**: Briggs W. Andrews, Registered Agent )
       Carilion Health System )
       213 S. Jefferson St. Suite 720 )
       P.O. Box 40032 )
       Roanoke, Virginia 24022 )
 )
        Defendants. )

## COMPLAINT

COME NOW the plaintiffs, Nickeshia M. Lawrence ("Ms. Lawrence"), in her own right and as parent and next friend of Richard Alexander ("Richard"), an infant, by counsel, and files this Complaint requesting the entry of judgment against the defendants, jointly and severally, in the amount of THREE MILLION DOLLARS ($3,000,000.00) and in support thereof state as follows:

### JURISDICTION AND VENUE

1. The plaintiffs are citizens of the state of New York.

LAW OFFICES
GENTRY LOCKE
RAKES & MOORE
ROANOKE, VIRGINIA

14737/1/2600697v1

2. The defendant Anne S. Blackett, M.D. ("Dr. Blackett") is a citizen of the state of Utah.

3. At all times relevant hereto, the defendant Carilion Medical Center ("Carilion") has been doing business as Carilion Roanoke Community Hospital. Carilion is and has been a company incorporated under the laws of the Commonwealth of Virginia with its principal place of business in Roanoke, Virginia. At all times relevant hereto, Carilion is and has been in business as a health care provider in Roanoke, Virginia.

4. The amount in controversy exceeds seventy-five thousand dollars ($75,000.00) exclusive of costs and interest.

5. Jurisdiction is conferred on this Court by 28 U.S.C. § 1332.

6. This Court has personal jurisdiction over the parties pursuant to §8.01-328.1 of the Code of Virginia and requisite minimum contacts with the Commonwealth of Virginia.

7. Venue is proper pursuant to 28 U.S.C. §1391.

## FACTS

8. Ms. Lawrence is the biological mother of Richard, who was born on November 17, 2004 at Carilion Roanoke Community Hospital.

9. At all times relevant hereto, there was a health care provider-patient relationship between the plaintiffs and the defendants.

10. At all times relevant hereto, Anne S. Blackett, M.D. ("Dr. Blackett") was acting within the course and scope of her employment as an employee of Carilion.

11. At all times relevant hereto, Carilion was acting through its employees, agents, and servants including, but not limited to, Dr. Blackett.

LAW OFFICES
GENTRY LOCKE
RAKES & MOORE
ROANOKE, VIRGINIA

14737/1/2600697v1

12. Ms. Lawrence became pregnant and entered into a patient-physician relationship with the defendants wherein it was requested by Ms. Lawrence and agreed to by the defendants that they would provide obstetrical services to her.

13. On or about November 16, 2004, Ms. Lawrence presented to the Carilion OB/GYN Clinic at forty-one weeks gestation due to decreased fetal movement. Based on findings there, she was admitted to Carilion Roanoke Community Hospital for induced labor.

14. Once admitted, Ms. Lawrence was placed on an external fetal monitor that showed, among other things, questionable late decelerations and a fetal heart rate in the 140s. Later the same evening, Ms. Lawrence experienced an episode of fetal tachycardia and some further decelerations.

15. On or about November 17, 2004 during Ms. Lawrence's pushing phase of labor, Dr. Blackett used a vacuum extractor and made a midline episiotomy. Richard's head was delivered shortly thereafter in the occiput anterior position. Richard's head was noted to immediately retract back against the perineum which suggested a shoulder dystocia problem.

16. Dr. Blackett then attempted to deliver the anterior shoulder with a variety of manipulations which proved unsuccessful. Dr. Blackett was finally able to successfully deliver Richard when she introduced her hand into Ms. Lawrence's vagina and manipulated Richard's anterior shoulder in a clockwise direction. Immediately upon delivery, Ms. Lawrence observed Richard's right arm to be limp and floppy. It was later determined that Richard suffered a brachial plexus injury due to shoulder dystocia that occurred during the delivery.

## COUNT I - NEGLIGENCE

17. Ms. Lawrence and Richard reallege each of the allegations contained in the preceding numbered paragraphs.

LAW OFFICES
GENTRY LOCKE
RAKES & MOORE"
ROANOKE, VIRGINIA

3

14737/1/2600697v1

Case 7:08-cv-00108-JCT   Document 1   Filed 02/12/08   Page 3 of 5   Pageid#: 3

18. The defendants had a duty to provide Ms. Lawrence and Richard reasonable care and treatment during Ms. Lawrence's labor and delivery at Carilion on or about November 16 and 17, 2004.

19. The defendants breached their duties to Ms. Lawrence and Richard. The defendants were negligent and deviated from the required standard of care involving their care and treatment of Ms. Lawrence and Richard in at least the following respects:

   a. They failed to appropriately and adequately monitor the plaintiffs' condition on or about November 16 and 17, 2004.

   b. They failed to appropriately assess Ms. Lawrence's condition and her relevant history.

   c. They failed to provide the plaintiffs the appropriate treatment and care for their condition.

   d. They failed to appropriately and properly use labor and delivery techniques.

20. The plaintiffs have received, from a competent expert witness, a writing indicating the defendants deviated from the standard of care required of them and such deviance was the proximate cause of the plaintiffs' damages.

## DAMAGES

21. Ms. Lawrence and Richard reallege each of the allegations contained in the preceding numbered paragraphs.

22. As a proximate result of the defendants' medical negligence, Richard suffered neurological injuries including shoulder dystocia. Richard will likely be left with some extent of this condition permanently. If the defendants had not been negligent in their care and treatment of Ms. Lawrence and Richard, Richard would not have suffered his injuries.

LAW OFFICES
GENTRY LOCKE
RAKES & MOORE
ROANOKE, VIRGINIA

14737/1/2600697v1

4

23. As a proximate result of the defendants' medical negligence, Richard has suffered and will continue to suffer serious and permanent injuries, pain and suffering, inconvenience, emotional anguish, decreased enjoyment of life, substantially decreased earning capacity, and disability. In addition, Ms. Lawrence and Richard have incurred and will continue to incur significant medical expenses and loss of services.

WHEREFORE, the plaintiffs move this Court for judgment against the defendants, jointly and severally, in the amount of THREE MILLION DOLLARS ($3,000,000.00) with interest thereon from November 16, 2004, plus all costs and expenses incurred by the plaintiffs in this action.

The plaintiffs demand a trial by jury on all issues.

NICKESHIA M. LAWRENCE,
in her own right and as parent and next friend
of RICHARD ALEXANDER, an infant,

By: _____
Of Counsel

S. D. Roberts Moore (VSB No. 3456)
Lauren E. Davis (VSB No. 74066)
GENTRY LOCKE RAKES & MOORE, LLP
800 SunTrust Plaza
P. O. Box 40013
Roanoke, VA 24022-0013
(540) 983-9300
Fax: (540) 983-9400

Richard Lee Lawrence (VSB No. 8748)
The Lawrence Law Firm
1031 First Street, SW
Roanoke, VA 24016
(540) 982-2606x12
Fax: (540) 345-7481

*Counsel for Plaintiffs*

LAW OFFICES
GENTRY LOCKE
RAKES & MOORE
ROANOKE, VIRGINIA